# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CHARLES BURNS,<br><br>                             Petitioner,<br>   v.<br>UNITED STATES OF AMERICA,<br><br>                             Respondent. | CASE NO. 14cv0445 JM<br><br>ORDER DENYING PETITION FOR WRIT OF CORAM NOBIS BROUGHT |

By means of the present Petition for Writ of Coram Nobis ("Petition"), purportedly brought pursuant to 28 U.S.C. §1651, Petitioner Robert Burns seeks to challenge two state court controlled substances convictions - - a 1987 San Diego Superior Court conviction and a 1991 Orange County Superior Court conviction.[1]

---

[1] To provide some context to the Petition, on June 5, 1998, Petitioner was found guilty by jury in this court of one count of conspiracy to distribute cocaine and four counts of possession with intent to distribute and aiding and abetting. (United States v. Burns, No. 97cr2510, Ct. Dkt. 101). On December 4, 1998, Petitioner was sentenced to the custody of the BOP for a term of 360 months. (Id. 150). On January 1, 2001, the Ninth Circuit affirmed Petitioner's conviction and sentence. (Id. 181). On July 30, 2003, the court denied Petitioner's motion for relief brought pursuant to 28 U.S.C. §2255. (Id. 239). On July 17, 2009, Petitioner filed a second motion brought pursuant to 28 U.S.C. §2255 which the court denied for lack of subject matter jurisdiction as Petitioner failed to obtain the appropriate certification from the Ninth Circuit as required by 28 U.S.C. §2255(h). (Id. 251). On October 22, 2010, the court denied Petitioner's Writ of Audita Querela (seeking resentencing in the underlying federal case pursuant to United States v. Booker, 543 U.S. 220 (2005)). (Id. 258). On July 26, 2011, the court dismissed another petition brought pursuant to 28 U.S.C. §2255 for failure to obtain the requisite certification from the Ninth Circuit as required by 28 U.S.C. §2255(h).

Petitioner seeks relief from these convictions and, if successful, he will seek further relief from his federal sentence on the ground that these state court convictions, once dismissed, do not support the sentence he received as a career offender.[2]

The Constitution and statutes of the United States authorize various means by which a defendant may collaterally attack a federal conviction. "In providing for relief pursuant to 28 U.S.C. §2255, Congress has provided a near-comprehensive scheme for post-conviction collateral relief for those in [federal] custody." United States v. Crowell, 374 F.3d 790, 795 (9th Cir. 2004) (citing Ex Parte McCardle, 73 U.S. (6 Wall.) 318, 325-26, 18 L.Ed. 816 (1868). While certain common law writs remain viable under the All Writs Act, 28 U.S.C. §1651, see United States v. Morgan, 346 U.S. 502 (1954), in light of 28 U.S.C. §2255, the writs of audit querela and coram nobis are limited in scope. The writ of audit querela "provides relief from the consequences of a conviction when a defense or discharge arises subsequent to entry of the final judgment. The defense or discharge must be a legal defect in the conviction, or in the sentence which taints the conviction." United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992). The Ninth Circuit explains in Crowell that "[w]hereas coram nobis could attach to a judgment that was infirm at the time it was rendered (for reasons that later came to light), audita querela attached to a judgment that was correct when rendered, but was later rendered infirm by events that occurred after the judgment." 374 F.3d at 794.

Here, the court concludes that the writ of coram nobis does not provide Petitioner with any relief. Coram nobis review is only available to review federal criminal judgments, not state criminal judgments. Yasui v. United States, 772 F. 2d 1496, 1498 (9th Cir. 1985) ("The writ of error coram nobis fills a void in the availability of post-conviction remedies in federal criminal cases."); Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir. 1982) ("It is well settled that the writ of error

---

[2] On February 28, 2012, Petitioner commenced the present action in the Central District of California and, on February 27, 2014, the action transferred to this district.

1  coram nobis is not available in federal court to attack state criminal judgments.");
2  Finkelstein v. Spitzer, 455 F.3d 131, 134 (2d Cir. 2006) ("the district courts lack
3  jurisdiction to issue writs of coram nobis to set aside judgments of state courts"). "It
4  is well settled that the writ of error coram nobis is not available in federal court to
5  attack state criminal judgments." Sinclair, 679 F.2d at 515.

6        In sum, the court denies Petitioner's request for the issuance of a writ of coram
7  nobis.

8        **IT IS SO ORDERED.**
9  DATED: April 4, 2014

10                                                         Hon. Jeffrey T. Miller
11                                                          United States District Judge

12 cc:       All parties